8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter Allen JACOBY, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, ADOC; Grant Woods, Az. Atty.
Gen., Respondents-Appellees.
 No. 92-16583.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Sept. 30, 1993.
 
 Before: CHOY, D.W. NELSON, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Peter Allen Jacoby, an Arizona State prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for theft and trafficking in stolen property. Jacoby contends that a jury instruction given by the state trial court constituted an unconstitutional mandatory presumption which impermissibly shifted the burden of proof to the accused. We reverse and remand for further proceedings.
 
 PROCEDURAL DEFAULT
 
 3
 The respondents contend that Jacoby's claim is procedurally barred by his failure to object to the jury instruction at trial. We disagree.
 
 
 4
 A federal court may not address a constitutional claim decided by a state court if that court's decision rests upon an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). In order for a claim to be procedurally barred on federal habeas, the state court addressing the claim must clearly and expressly rely on an independent and adequate ground. Id. at 2557; see Harris v. Reed, 489 U.S. 255, 263-65 (1989); Hunter v. Aispuro, 982 F.2d 344, 346 (9th Cir.1992), petition for cert. filed, (July 1, 1993) (No. 93-5320).
 
 
 5
 Where the highest state court does not explain the reason for denying a claim, a federal habeas court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). If the decision of the last state court fairly appears to rest primarily on federal law, or to be interwoven with federal law, a federal habeas court may address the merits of the claim. Coleman, 111 S.Ct. at 2557.
 
 
 6
 Here, the last reasoned decision, the decision of the Arizona Court of Appeals, does not rest upon an independent and adequate state ground. In Arizona, the failure to object at trial waives all but fundamental error. See State v. Valles, 780 P.2d 1049, 1054 (Ariz.1989). Constitutional error is one type of fundamental error. See State v. Burton, 697 P.2d 331, 334 (Ariz.1985). Because Jacoby did not object to the challenged jury instruction at trial, the court of appeals reviewed the merits of petitioner's claim for fundamental or constitutional error only. Therefore, the court of appeals did not rely on a state procedural bar in dismissing Jacoby's claim, but instead addressed the constitutional question on the merits.
 
 
 7
 Because of the absence of a clear and express application of an independent and adequate state procedural rule by the Arizona Court of Appeals, Jacoby's claims are not in procedural default for purposes of his federal habeas petition. See Harris, 489 U.S. at 265; Hunter, 982 F.2d at 346. Therefore, we address the merits of this appeal.
 
 JURY INSTRUCTION
 
 8
 Petitioner contends the state trial court violated his due process rights by giving the following jury instruction:
 
 
 9
 Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property was aware of the risk that it had been stolen or in some way participated in its theft.
 
 
 10
 A jury instruction which creates a mandatory presumption that relieves the state of the burden of persuasion on an element of the offense violate due process. Sandstrom v. Montana, 442 U.S. 510, 523-24 (1979). "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." Francis v. Franklin, 471 U.S. 307, 314 (1985). "A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." Id. Permissive inferences are generally not violative of due process unless "the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Franklin, 471 U.S. at 314-15; see Allen, 442 U.S. at 165, 166 n. 28.
 
 
 11
 Here, the trial court instructed the jury that the possession of recently stolen property "gives rise to an inference that the person in possession of the property was aware of the risk that it had been stolen...." The instruction further informed the jury that this presumption existed unless the possession of the property was "satisfactorily explained." Petitioner does not dispute that he possessed the property, but denies he was aware the property was stolen.[1]
 
 
 12
 Petitioner argues that the phrase "gives rise to an inference" involves a mandatory presumption because once the prosecution proved that the petitioner possessed the stolen property, the jurors could reasonably believe they were required to draw the inference that the petitioner knew the property was stolen. Petitioner suggests, by contrast, that the phrase "may give rise to an inference" would be constitutionally sound as a permissive inference.
 
 
 13
 Petitioner further argues that the prejudice was increased by the fact that the jury may have interpreted the instruction as requiring Jacoby to satisfactorily explain that his possession of the stolen property was not knowing, thus shifting the burden of proof on an essential element of the crime to the accused. We agree that this portion of the jury charge could have been understood by reasonable jurors as creating a presumption that relieves the state of its burden of persuasion on an essential element of an offense. See Franklin, 471 U.S. at 314-15.
 
 
 14
 The next question, therefore, is whether the potentially offending words considered in the context of the charge as a whole, created an unconstitutional mandatory presumption. See id. Four pages in the transcript before the challenged instruction was given, the state trial court informed the jury as follows: "So while you should consider only the evidence in the case, you are permitted, but not required to draw such reasonable inferences from testimony and exhibits as you feel justified in the realm of common sense and experience." The court further instructed that "[a]n inference may be drawn only if it is reasonable and logical, not if it is speculative." Finally, the court explained that "in deciding whether to draw a particular inference is for you to decide."
 
 
 15
 These additional instructions, however, do not sufficiently explain the challenged language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional mandatory presumption. See id. at 315, 322 (language which contradicts, but does not explain the constitutionally infirm language will not absolve the infirmity). Reasonable jurors could have believed that the general instruction permitting them to draw inferences did not apply to the specific instruction challenged, particularly since the potentially "curative" instruction came well before the challenged instruction as part of a list of general jury instructions and definitions.
 
 
 16
 The final question we address is whether the error resulting from the burden shifting was harmless beyond a reasonable doubt. See Schwendeman v. Wallenstein, 971 F.2d 313, 316 (9th Cir.1992) ("A constitutionally deficient jury instruction requires reversal unless the error is harmless beyond a reasonable doubt."), cert denied, 113 S.Ct. 975 (1993). To establish harmless error, the state must convince this court that "there is no reasonable possibility that the error materially affected the verdict or, in other words, that the error was harmless beyond a reasonable doubt." United States v. Rubio-Villareal, 967 F.2d 294, 297 n. 3 (9th Cir.1992) (en banc).
 
 
 17
 Petitioner argues he was convicted only on those charges to which the instruction applied. He was acquitted of those charges where no such burden shifting instruction was given. Under these circumstances, we cannot say that the error was harmless beyond a reasonable doubt. See Schwendeman, 971 F.2d at 316. Accordingly, we reverse the district court's denial of the habeas petition, and we remand with instruction to issue the writ of habeas corpus, unless, within a reasonable amount of time, Jacoby is granted a new trial.
 
 
 18
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The stolen property was found in a box in the bed of petitioner's truck