46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy Joseph SEVERSON, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, et al., Respondents-Appellees.
 No. 94-55263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Joseph Severson appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Severson contends that: (1) the trial court's denial of a continuance violated his due process rights; (2) the trial court violated his Sixth Amendment right to self-representation by refusing to appoint co-counsel; and (3) a jury instruction violated his due process rights. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 There is no mechanical test for deciding when the denial of a continuance is so arbitrary as to violate due process. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). At a minimum, the petitioner must show some prejudice resulting from the court's denial of the continuance motion. Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986). Constitutional error is harmless if we find that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1721 (1993).
 
 
 4
 Although Severson claims that he was forced to trial without adequate time to prepare, he makes no allegation or argument showing that additional time would have allowed him to obtain favorable evidence or defend himself more effectively at trial. Because Severson has failed to show any prejudice, the trial court's denial of the continuance motion was not so arbitrary as to violate due process. See Armant, 772 F.2d at 556-57. Moreover, we find that the denial of the continuance did not have a substantial or injurious effect or influence in determining the jury's verdict. See Brecht, 113 S.Ct. at 1721.
 
 
 5
 Severson also claims that he should not have been allowed to represent himself without a reasonable continuance. He does not claim that his waiver of the right to counsel was invalid. Instead his argument is identical to his claim that the denial of the continuance denied him due process, and is based entirely upon state law. Such claims are not cognizable in a federal habeas proceeding. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Severson's related claim that he was forced to represent himself without the benefit of co-counsel fails because he has no constitutional right to advisory or co-counsel. See Locks v. Sumner, 703 F.2d 403, 407-08 (9th Cir.), cert. denied, 464 U.S. 933 (1983).
 
 
 6
 Severson contends that California Jury Instruction, Criminal No. 2.15 (CALJIC 2.15), as given by the trial court, allowed the jury to infer that he was guilty of forcible rape, forcible sodomy, foreign object rape, and burglary based upon the possession of recently stolen property and other corroborating evidence, and thus relieved the prosecution of its burden of proof. We disagree.
 
 
 7
 A jury instruction is constitutionally sound if it creates a permissive inference that allows, but does not require, the jury to infer an essential fact from proof of another fact so long as "the inferred fact is more likely than not to flow from the proved fact on which it is made to depend." Schwendeman v. Wallenstein, 971 F.2d 313, 316 (9th Cir.1992) (citations and internal quotations omitted), cert. denied, 113 S.Ct. 975 (1993). An improper jury instruction merits habeas relief only if the instruction so infected the entire trial that the resulting conviction violated due process. Estelle, 112 S.Ct. at 482.
 
 
 8
 Because CALJIC 2.15 does not require the jury to infer any fact, it is permissive. See Schwendeman, 971 F.2d at 316. The jury was also instructed that: (1) guilt must be established beyond a reasonable doubt; (2) the burden of proof is on the prosecution; (3) if there are two reasonable interpretations of the evidence, the jury must adopt the interpretation pointing to innocence; and (4) if the jury had a reasonable doubt that the defendant was not present at the time of the crime they must find him not guilty. Reading CALJIC 2.15 together with the other instructions, see Estelle, 112 S.Ct. at 482, we agree with the district court's conclusion that the instruction did not shift the burden of proof to Severson or allow the jury to infer an improper fact. See Schwendeman, 971 F.2d at 316. Moreover, at Severson's trial, the victim identified Severson and testified that he sexually assaulted her and robbed her; Severson's fingerprints were found in the victim's house; and Severson possessed the victim's jewelry when he was arrested the day after the assault. Because the evidence against Severson was strong and there is no reasonable likelihood that the jury applied CALJIC 2.15 in an unconstitutional manner, Severson's conviction did not violate due process. See Estelle, 112 S.Ct. at 482.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3