53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard BLAISDELL, Petitioner-Appellant,
v.
Nolan ESPINDA, Warden, Respondent-Appellee.
 No. 94-16773.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Blaisdell, a Hawaii state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition for failure to exhaust state remedies. Following a jury trial, Blaisdell was convicted of several counts of sexual assault. Blaisdell contends that the exhaustion of state remedies should be excused because the State of Hawaii's own malfeasance is responsible for his conviction and the State of Hawaii has delayed the appellate proceedings in his case. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), and affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. 28 U.S.C. Sec. 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 516 (1982). In order to satisfy the exhaustion requirement, the petitioner must fairly present his claims to the highest state court. Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971).
 
 
 4
 Here, Blaisdell concedes that he has failed to exhaust state remedies but contends that the exhaustion requirement should be excused in his case. This contention lacks merit because Blaisdell has failed to demonstrate that his case presents exceptional circumstances of peculiar urgency, which would excuse exhaustion. See Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993).
 
 
 5
 Blaisdell contends that exhaustion of state remedies would be futile because the State of Hawaii's own malfeasance is responsible for his conviction and the State will not expose its own criminal misconduct. This contention lacks merit because Blaisdell has not shown that state remedies are unavailable or ineffective. See, e.g., Kim v. Villalobos, 799 F.2d 1317, 1321 (9th Cir. 1986) (excusing exhaustion requirement where state procedural requirements prevented fairly presented claim from being heard on merits).
 
 
 6
 Blaisdell contends that he should be excused from exhausting his state remedies because the State of Hawaii has delayed Blaisdell's appellate proceedings. This contention lacks merit because Blaisdell has failed to demonstrate that any delay in his case rises to the level of a due process violation. See Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir. 1990) (applying four-factor test for speedy trial claims to appellate delay claim). Blaisdell filed his federal habeas petition in the district court before he even appealed his conviction to the Hawaii Supreme Court. Furthermore, Blaisdell's appeal has been pending for less than one year. Although there is no talismanic number of years or months after which due process is automatically violated, Blaisdell has not shown the type of excessive delay that warrants relief. See id. at 531-32.
 
 
 7
 Thus, Blaisdell has failed to demonstrate exceptional circumstances of peculiar urgency, which would excuse exhaustion. See Hendricks, 993 F.2d at 672. Accordingly, the district court properly dismissed Blaisdell's petition for failure to exhaust state remedies. See 28 U.S.C. Sec. 2254(b); Rose, 455 U.S. at 516.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The magistrate judge also considered the merits of Blaisdell's ineffective assistance of counsel claim in the findings and recommendation, and the district judge "adopt[ed] the magistrate judge's findings and recommendations in full." The district judge, however, only discussed that portion of the magistrate judge's findings and recommendation concerning exhaustion. Thus, it appears that the district judge dismissed the entire petition for failure to exhaust state remedies. Moreover, even if Blaisdell had exhausted his state remedies on his ineffective assistance of counsel claim, the district court would be required to dismiss Blaisdell's mixed petition, since it raised both exhausted and unexhausted claims. See Rose, 455 U.S. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir. 1992), cert. denied, 113 S. Ct. 9975 (1993)