56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Emerald MATHERS, Petitioner-Appellant,
v.
Ron ANGELONE, Warden, Respondent-Appellee.
 No. 94-16720.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Emerald Mathers, a Nevada state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Mathers pleaded guilty to attempting to obtain money under false pretenses. The trial court determined that Mathers was a habitual criminal and sentenced Mathers to a twenty-year term of imprisonment. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), and vacate and remand.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 516 (1982). The district court must dismiss "mixed petitions," which contain both exhausted and unexhausted claims. Lundy, 455 U.S. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir. 1992), cert. denied, 113 S. Ct. 975 (1993). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971).
 
 
 4
 Here, Mathers contends that his due process rights were violated because he was permitted to stipulate to habitual criminal status, the trial court failed to determine the constitutional validity of his prior convictions and two of Mathers' prior convictions were trivial and stale. Both the magistrate judge and the district judge determined that Mathers had exhausted his state remedies on the second part of his claim but not on either the first or third parts. The district judge, however, denied Mathers' entire habeas petition instead of dismissing his mixed petition. The district court erred in considering the merits of Mathers' petition since it contained both exhausted and unexhausted claims. See Lundy, 455 U.S. at 519; Schwendeman, 971 F.2d at 315. Accordingly, we vacate the district court's order denying Mathers' section 2254 petition and remand with instructions to dismiss the petition for failure to exhaust all claims. See Lundy, 455 U.S. at 522; Schwendeman, 971 F.2d at 315. Mathers may then either return to the state courts to exhaust the remainder of his claims or resubmit a petition with only exhausted claims. See Lundy, 455 U.S. at 520.[1]
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We exercise our discretion to consider the issue of whether the district court erred by failing to dismiss Mathers' mixed petition since the appellee was not misled and the issue has been fully explored in the district court. See International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jasko, Inc., 752 F.2d 1401, 1404 n.4 (9th Cir. 1985)