65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kerry VAN BELL, Petitioner-Appellant,
v.
Sherman HATCHER, Warden, Respondent-Appellee.
 No. 95-15141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kerry Van Bell, a Nevada state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. The district court dismissed Van Bell's petition because he failed to exhaust state remedies on all of his claims. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 A state prisoner must exhaust available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. Sec. 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 516 (1982). The district court must dismiss "mixed petitions," which contain both exhausted and unexhausted claims. Lundy, 455 U.S. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir.1992), cert. denied, 113 S.Ct. 975 (1993). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971).
 
 
 4
 Here, Van Bell raised five claims in his petition before the district court: (1) due process violation based on insufficient indictment and lack of notice; (2) due process violation based on insufficient evidence; (3) due process violation based on the Nevada Supreme Court's consideration of "materially untrue facts;" (4) ex post facto violation; and (5) constitutionally inadequate jury instructions. Van Bell has exhausted his first and second claims because he presented them to the Nevada Supreme Court on direct appeal. See Schwendeman, 971 F.2d at 315-16. In addition, the record indicates that Van Bell has exhausted his third and fourth claims; although the district court determined that Van Bell had not exhausted his third and fourth claims, Van Bell presented these claims to the Nevada Supreme Court in his second petition for post-conviction relief. See id. Van Bell's petition is mixed, however, because he has never presented his fifth claim to any state court. See Lundy, 455 U.S. at 522.[1] Accordingly, the district court properly dismissed Van Bell's habeas petition for failure to exhaust state remedies on all of his claims. See 28 U.S.C. Sec. 2254(b); Lundy, 455 U.S. at 522.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the State argues that Van Bell has procedurally defaulted this claim and that the federal courts are barred from considering it unless Van Bell can show cause and prejudice for his default. We are unable to determine, however, if Van Bell would be subject to a mandatory state bar. See Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991)