76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas E. SPYCHALA, Petitioner-Appellant,
v.
Gail LEWIS; James Gomez, Director, Respondents-Appellees.
 No. 95-16400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas E. Spychala, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 A state prisoner must exhaust available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. § 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 516 (1982). The district court must dismiss "mixed petitions," which contain both exhausted and unexhausted claims. Lundy, 455 U.S. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir.1992), cert. denied, 113 S.Ct. 975 (1993). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971).
 
 
 4
 Here, the district court properly dismissed Spychala's habeas petition after giving him several opportunities to allege that his claims had been exhausted. Spychala neither alleged that his claims were exhausted nor demonstrated that his case presented exceptional circumstances of peculiar urgency, which would excuse exhaustion. See Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir.1993). Rather, Spychala argued that exhaustion would be futile because the "core issues" involved a "blatant conspiracy," and because his claims involved constitutional issues.
 
 
 5
 On appeal, Spychala appears to argue for the first time that he has exhausted his state court remedies. Spychala also raises a number of new issues regarding his criminal conviction which were not presented in district court. Because Spychala did not raise these arguments below, the district court did not err by failing to consider them.[1] Further, we decline to consider these arguments for the first time on appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Spychala's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, we reject any attempts by Spychala to augment the record on appeal to include a list of his prior state court actions. See Fed.R.Civ.P. 10(a); United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) (exhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record). We therefore deny Spychala's "emergency motion for leave to file (new) violations of federal guaranteed constitutional rights."