Craig Mitchell HANNA, Petitioner–
Appellee,

v.

Chase RIVELAND, Director, Department
of Corrections; Marlin D. Holden, Su-
perintendent, Olympic Correction Cen-
ter, Respondents–Appellants.

No. 95–35700.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted
April 10, 1996.

Decided June 25, 1996.

As Amended on Denial of Rehearing
and Suggestion for Rehearing
En Banc Aug. 21, 1996.*

* Judges Pregerson and Tashima have voted to reject the suggestion for rehearing en banc, and Judge Wright so recommends.

David K. Allen, Allen, Hansen & Maybrown, Seattle, Washington, for petitioner-appellee.

Christine O. Gregoire, Attorney General, Donna H. Mullen, Assistant Attorney General, Olympia, Washington, for respondents-appellants.

Before: WRIGHT, PREGERSON and TASHIMA, Circuit Judges.

Opinion by Judge TASHIMA;
Concurrence by Judge WRIGHT.

TASHIMA, Circuit Judge:

Petitioner-appellee Craig Mitchell Hanna ("Hanna") was convicted of vehicular homicide and vehicular assault in King County, Washington, state court. The Supreme Court of Washington affirmed his conviction. *State v. Hanna*, 123 Wash.2d 704, 871 P.2d 135 (1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 299, 130 L.Ed.2d 212 (1994). Hanna then filed this federal petition for a writ of habeas corpus. The district court determined that an instruction allowing the jury to infer reckless driving from excessive speeds was a "trial type" constitutional error. Moreover, the district court could not say that the error did not have a "substantial and injurious" influence on the verdict, and therefore granted the writ.

■ Respondents-appellants (the "state") appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the decision to grant a petition for habeas corpus, *Calderon v. Prunty*, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.

## FACTS AND PRIOR PROCEEDINGS

### I. The Accident.

During the daylight hours of August 22, 1989, Hanna was driving his Mustang on a highway in south Seattle in a 55 mile per hour ("m.p.h.") zone. He lost control of his car, crossed over a grass median into opposing traffic and collided with a Toyota occupied by Roy and Frances Fellows. Roy was killed in the accident and Frances sustained serious injuries.

### II. The Trial.

Hanna was charged with one count of vehicular homicide and one count of vehicular assault in violation of Wash.Rev.Code §§ 46.61.520 and 46.61.522. Both of these crimes incorporate an element of reckless driving, defined as driving a vehicle "in willful or wanton disregard for the safety of persons or property." Wash.Rev.Code § 46.61.500(1).

At trial, the parties disputed the facts leading up to the accident. The following summary is from the Washington Supreme Court's opinion:

The facts leading up to the accident were disputed at trial. The State presented testimony from four eyewitnesses who were traveling in the same direction as the defendant[.] They testified that prior to the collision Hanna's Mustang and another vehicle, a blue car with Oregon plates, were traveling northbound on Route 599 ... at approximately 80 to 100 m.p.h.

Three eyewitnesses testified Hanna was traveling at this speed while trailing the blue car by only one-to-three car lengths. [Two eyewitnesses] stated the two cars appeared to be "racing" or "chasing" each other.

[Three eyewitnesses] observed the collision. They stated the two cars were speeding in the left lane when they approached a slower moving car. Just prior to passing the slower vehicle, the driver of the blue car tapped the brakes. Hanna's Mustang then came into contact with the blue car and swerved across the median into opposing traffic colliding with the Fellows' Toyota.

.... The defense [presented testimony from] a truck driver stopped along the road about 500 feet from the scene, [who] testified the Mustang and the blue car were going "highway speeds" prior to the collision.

.... Hanna testified he was traveling in the left lane at 75 m.p.h. when the blue car appeared and began to jog left and right in front of him. Hanna then slowed to 60 m.p.h. before the car cut him off and Hanna was forced to hit the brakes and spin onto the median and into opposing traffic.

*Hanna,* 871 P.2d at 137. Both the defense and prosecution also presented testimony from accident reconstruction experts who verified the respective versions of the accident. *Id.*

Instructions 1, 8 and 13 of the jury instructions all cautioned the jurors to weigh "all of the evidence." Instruction 9 provided:

A person who drives in excess of the maximum lawful speed at the point of operation may be inferred to have driven in a reckless manner.

This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

The jury convicted Hanna on both counts.

## III. Supreme Court of Washington.

Hanna appealed his conviction contending that Instruction 9 was constitutional error.[1]

He argued that the instruction impermissibly allowed the jury to ignore the evidence and to convict him based solely on its determination that he was driving in excess of the speed limit.

The Supreme Court of Washington rejected Hanna's argument. *Hanna,* 871 P.2d at 139–40. It first noted that Instructions 1, 8 and 13 cautioned the jurors to consider all of the evidence before accepting the inference. *Id.* 871 P.2d at 139. In consideration of all of the evidence, the inference was adequately supported by the prosecution's case. *Id.* 871 P.2d at 140. "If the prosecution introduces facts which support the inference to the degree required by due process, it is entitled to an inference instruction. In that event, it is irrelevant whether the defendant's version of facts also supports the inference." *Id.* Three justices dissented, criticizing the majority for reducing "a significant constitutional question to a determination whether there was sufficient evidence to convict." *Id.* 871 P.2d at 142 (Johnson, J., dissenting).

Under the instructions taken as a whole, a reasonable juror was entitled to satisfy the element of recklessness with all the evidence available or with the evidence Hanna was speeding. Thus, instruction 9 yields an unconstitutional result that the remaining instructions failed to cure.

*Id.* 871 P.2d at 143.

## IV. District Court.

The district court disagreed with the Washington Supreme Court, and concluded that it was impossible to tell if the jury decided to convict by applying the unconstitutional instruction to the undisputed evidence that Hanna had been speeding. It therefore granted the writ of habeas corpus.

## DISCUSSION

### I. Was Instruction 9 Constitutional Error?

#### A. Standard of Review.

■ We review *de novo* whether an instruction violates due process by creating an

---

1. Hanna raised this issue for the first time on appeal, which was permissible under Wash.

R.App. P. 2.5(a).

unconstitutional presumption or inference. *United States v. Warren,* 25 F.3d 890, 897 (9th Cir.1994).

### B. The Merits.

■ Instruction 9 allows, but does not mandate, a jury to infer recklessness solely from proof of excessive speed. The inference is therefore permissive. *See Schwendeman v. Wallenstein,* 971 F.2d 313, 316 (9th Cir. 1992) (finding this instruction is permissive), *cert. denied,* 506 U.S. 1052, 113 S.Ct. 975, 122 L.Ed.2d 130 (1993). Permissive inference instructions are disfavored because they "tend to take the focus away from the elements that must be proved." *Warren,* 25 F.3d at 900 (Rymer, J., concurring).

■ Permissive inference jury instructions are constitutional, however, "so long as it can be said 'with substantial assurance' that the inferred fact is 'more likely than not to flow from the proved fact on which it is made to depend.'" *Schwendeman,* 971 F.2d at 316 (quoting *United States v. Rubio–Villareal,* 967 F.2d 294, 296 (9th Cir.1992) (en banc) (citing *Ulster County v. Allen,* 442 U.S. 140, 166 n. 28, 99 S.Ct. 2213, 2229 n. 28, 60 L.Ed.2d 777 (1979)). If, on the other hand, the inference relieves the prosecution of its burden of proving every element beyond a reasonable doubt, then the inference violates the Due Process Clause. *Ulster,* 442 U.S. at 156, 99 S.Ct. at 2224. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis v. Franklin,* 471 U.S. 307, 316, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985) (citing *Ulster,* 442 U.S. at 157–63, 99 S.Ct. at 2224–28).

In *Schwendeman,* a case directly on point, we held that an identical jury instruction was constitutional error. 971 F.2d at 316. There, the prosecution presented evidence that Schwendeman had been drinking at a local tavern for two hours before driving away in his pickup truck with several passengers. *Id.* at 315. Schwendeman admitted that he had been driving 37 m.p.h. in a 25 m.p.h. zone. *Id.* A passenger testified that Schwendeman swerved all over the road, purposely trying to hit potholes. *Id.* Eventu-

ally, he lost control of the truck and hit a telephone pole. *Id.*

While noting "there was plenty of evidence to support Schwendeman's conviction" for reckless driving, the court held that Schwendeman's petition for a writ of habeas corpus should be granted. *Id.* at 314. "Although it is certainly true that excessive speed is probative of a jury's determination of recklessness, here we cannot say with substantial assurance that the inferred fact of reckless driving more likely than not flowed from the proved fact of excessive speed. Under *Ulster County,* the instruction was constitutionally deficient." *Id.* at 316.

■ Although acknowledging that the identical instruction was found to be constitutional error in *Schwendeman,* the state argues that in this trial the instruction was not error. *See Warren,* 25 F.3d at 898 ("we determine the constitutionality of a permissive inference instruction on a case-by-case basis"). It attempts to distinguish *Schwendeman* by arguing that in the case before us, recklessness did flow "more likely than not" from excessive speeding, because Hanna was driving faster than Schwendeman. Moreover, the state suggests that other instructions prevented the jury from isolating speed as the only basis upon which to determine guilt. We reject these arguments.

It may be true, that at some point recklessness would more than likely flow from proof of sheer excessive speed. However, as *Hanna* noted, the evidence presented at trial conflicted. 871 P.2d at 137. Instruction 9 permitted conviction based solely on Hanna's admission that he had been driving slightly in excess of the speed limit. It is unclear whose version of facts the jury accepted: the government's version that Hanna was driving between 80 to 118 m.p.h.; or Hanna's version that he had initially been driving 75 m.p.h., but had slowed to around 60 m.p.h. immediately before the accident.

The Washington Supreme Court concluded with "substantial assurance" that the presumed fact of reckless driving was proven beyond a reasonable doubt by the prosecution's evidence that Hanna had been driving between 80 to 100 m.p.h. *Hanna,* 871 P.2d at

140. However, because this is not a sufficiency of the evidence case, as the dissent noted, "This is not the proper inquiry." *Id.* 871 P.2d at 142 (Johnson, J., dissenting). The gap in this logic is that the court had to assume that the jury accepted the prosecution's version of the evidence. Even if the jury accepted Hanna's version, however, the same verdict could have been rendered. The Washington Supreme Court was not concerned by this because, to the extent the jury did not believe the government's evidence, the jury could have rejected the inference. *Id.* 871 P.2d at 140. Again, the key is that the jurors only *could have* rejected the inference; however, they were also perfectly entitled to accept the inference as well. Thus, even if the jury believed that Hanna had only been going slightly over the speed limit, Instruction 9 invited the jury to convict Hanna of vehicular manslaughter and vehicular assault.

■ Moreover, other instructions did not cure Instruction 9's defect. Generally, permissive inference instructions are acceptable if other instructions condition, qualify or explain them. *See, Warren*, 25 F.3d at 899 (discussing qualifying phrases that preserve the constitutionality of permissive inference instructions). However, "[a] passing reference to consider all evidence will not cure [a] defect" where a jury is entitled to convict by "focusing on a few isolated facts." *Id.* (citing *Rubio–Villareal*, 967 F.2d at 299–300).

In the case before us, the jury was entitled to convict based on a single unqualified jury instruction. Instructions 1, 8 and 13 merely include general admonishments to weigh all of the evidence. They do not, however, specifically qualify Instruction 9. "By focusing the jury on the evidence of speed alone, the challenged instruction erroneously permitted the jury to find an element of the crime of which Schwendeman was convicted without considering all the evidence presented at trial." *Schwendeman*, 971 F.2d at 316. As in *Schwendeman*, the jury here could have convicted Hanna "without considering all relevant evidence." *Warren*, 25 F.3d at 899 (citing *Rubio–Villareal*, 967 F.2d at 299–300).

Although there was substantial evidence to support Hanna's conviction, Instruction 9 permitted the jury to convict based only on Hanna's admission of speeding. Yet, speeding alone, cannot support a conviction for vehicular manslaughter and vehicular assault. To be convicted of these crimes, the government must prove beyond a reasonable doubt that Hanna drove in a reckless manner; Instruction 9 relieved the government of this burden. Accordingly, we hold that Instruction 9 is constitutional error.

## II. Did the Error Require Reversal?

### A. Standard of Review.

■ A constitutionally deficient jury instruction is a trial-type error that is subject to harmless error analysis. *See Schwendeman*, 971 F.2d at 316. *Schwendeman* applied the harmless error test of *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), and determined that a jury instruction identical to Instruction 9 could not be deemed harmless beyond a reasonable doubt. 971 F.2d at 316. Since *Schwendeman* was decided, however, the Supreme Court has announced a less stringent harmless error review in habeas proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). We must review the error under this new standard.[2]

---

**2.** We note that the Eighth Circuit refuses to apply the *Brecht* harmless error test, and continues to conduct a *Chapman* harmless error review, where the error is being tested for harmlessness for the first time in a habeas proceeding. *Orndorff v. Lockhart*, 998 F.2d 1426 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1631, 128 L.Ed.2d 354 (1994); *accord Lyons v. Johnson*, 912 F.Supp. 679 (S.D.N.Y.1996) (adopting Eighth Circuit's approach). Other circuits have rejected this approach and apply *Brecht* in those circumstances. *See, Tyson v. Trigg*, 50 F.3d 436, 446–47 (7th Cir.1995) ("reasons the Court gave in *Brecht* for adopting a less stringent rule are

independent of the rule applied in the state appellate process"), *cert. denied*, —— U.S. ——, 116 S.Ct. 697, 133 L.Ed.2d 655 (1996); *Horsley v. Alabama*, 45 F.3d 1486, 1492 n. 11 (11th Cir.) ("We think the Supreme Court's rationale (advancing comity, federalism, finality, and the importance of the trial) for the *Brecht* rule reaches to almost all federal habeas cases, including this one."), *cert. denied*, —— U.S. ——, 116 S.Ct. 410, 133 L.Ed.2d 328 (1995); *see also Smith v. Dixon*, 14 F.3d 956, 975–80 (4th Cir.) (applying *Brecht* to error not tested for harmlessness in state ap-

On collateral review, *Brecht* requires a court to determine whether the constitutional error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht,* 507 U.S. at 637, 113 S.Ct. at 1722 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). Trial errors that do not meet this test are deemed harmless. *Bonin v. Calderon,* 59 F.3d 815, 824 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). However, "where the record is so evenly balanced that a conscientious judge is in grave doubt as to the harmlessness of an error", the error is not harmless and relief must be granted. *O'Neal v. McAninch,* —— U.S. ——, —— ——, 115 S.Ct. 992, 994–95, 130 L.Ed.2d 947 (1995). Further, the proper harmless error inquiry in habeas proceedings is for the judge to ask, based on the record's facts, whether he or she believes "that the error substantially influenced the jury's decision?" *Id.* at ——, 115 S.Ct. at 995.

## B. The Merits.

In the case before us, we must determine, not whether there was substantial evidence to convict Hanna, but whether Instruction 9 had a substantial influence on the conviction. Instruction 9 allowed the jury to infer recklessness from the mere fact of speeding. Although the evidence at trial conflicted regarding the extent of Hanna's speeding, it is undisputed that Hanna had been speeding near the time of the accident. Given the state of the record, there is a reasonable likelihood that the jury convicted Hanna merely because he admitted to driving slightly in excess of the speed limit, without separately considering whether he had driven with wanton and willful disregard for the safety of others. As in *Schwendeman,* "instruction [9] isolated speed as the only circumstance needed to permit the jury to find reckless driving and thereby convict." 971 F.2d at 316.

Convicting Hanna for vehicular manslaughter and vehicular assault simply be-

pellate court), *cert. denied,* —— U.S. ——, 115 S.Ct. 129, 130 L.Ed.2d 72 (1994).

Hanna contends that the *Chapman* harmless error standard should be applied here because the state court never undertook a *Chapman*

cause he was speeding is fundamentally unfair. Because we cannot tell if the jury did convict based solely on Hanna's admission of driving slightly in excess of the speed limit, we are left in grave doubt as to the harmlessness of the erroneous instruction and cannot conclude that the error did not have a substantial and injurious effect on the verdict. Hanna's petition for writ of habeas corpus was therefore properly granted.

The judgment is AFFIRMED.

EUGENE A. WRIGHT, Circuit Judge, concurring:

Under the facts of this case, I must concur in the majority opinion affirming the judgment below. There is little doubt that the jury instruction was constitutional error.

I write separately only to observe that our holding in this case and the opinion in *Schwendeman v. Wallenstein,* 971 F.2d 313, 316 (9th Cir.1992), must be limited to the records before the two panels. In neither case was the evidence so overwhelming as to convince us that the constitutionally deficient jury instruction was harmless error.

Had the evidence in the case before us been overwhelming, I would have found the error harmless.

harmless error review. However, we do not need to decide this issue because, even under *Brecht* 's less stringent standard of review, the error cannot be deemed harmless.