**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JENNIFER LYNN HENDERSON, | No. 13-56365 |
| Petitioner - Appellant, | D.C. No. 8:12-cv-00015-PSG-RZ |
| v. | |
| DEBORAH K. JOHNSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| JENNIFER LYNN HENDERSON, | No. 13-56367 |
| Petitioner - Appellant, | D.C. No. 8:11-cv-00128-PSG-RZ |
| v. | |
| JAVIER CAVAZOS, Warden, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 19, 2015
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and CALLAHAN, Circuit Judges and BASTIAN,[**] District Judge.

Jennifer Lynn Henderson appeals the district court's denial of her 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's analysis de novo, we affirm. *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011).

At Henderson's trial, the trial court instructed the jury pursuant to jury instruction CALCRIM No. 376, which states that the jury could convict Henderson of murder if it found that she possessed the victim's property along with some slight corroborating evidence. In *People v. Prieto*, the California Supreme Court held that a nearly identical jury instruction in the context of a nontheft offense permitted the jury to draw inferences that did not flow "naturally" or "logically" from the evidence presented. 30 Cal. 4th 226, 249 (2003). Under clearly established Supreme Court law, such an inference violates due process. *See Francis v. Franklin*, 471 U.S. 307, 314–15 (1985) ("A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury."); *see*

---

[**] The Honorable Stanley Allen Bastian, District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

*also Schwendeman v. Wallenstein*, 971 F.2d 313, 316 (9th Cir. 1992) ("[A] permissive inference jury instruction is constitutional so long as it can be said with substantial assurance that the inferred fact is more likely than not to flow from the proved fact on which it is made to depend." (internal quotations marks omitted)).

In Henderson's case, the California Court of Appeal, relying on *Prieto*, recognized that the trial court erred in instructing the jury with CALCRIM No. 376 but then applied a nonconstitutional standard to evaluate whether the error was harmless. In other words, the Court of Appeal failed to recognize the instructional error was of constitutional magnitude; this error amounts to an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); *Francis*, 471 U.S. at 314–15.

In light of the overwhelming evidence against Henderson and the insignificant role the stolen property evidence played at trial, however, we cannot say that the instructional error had a "substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). The evidence against Henderson included: (1) testimony that Henderson brought her daughter to meet the Hawkses to put them at ease; (2) phone records showing that Henderson was in frequent contact with her husband while the power of attorney form was edited on their computer and on the day of the murder; (3) Henderson's

3

statements to relatives and a real estate agent before the murder that she was expecting to receive a large amount of money and a yacht; (4) Henderson's involvement in post-crime actions of attempting to access the Hawkses' bank account, orchestrating a sham sale of the yacht, and calling Thomas Hawks's brother; and (5) evidence that Henderson was aware that her husband previously killed a man.

Therefore, we affirm the district court's denial of Henderson's 28 U.S.C. § 2254 petition.

**AFFIRMED.**[1]

---

[1] We decline to expand the certificate of appealability as none of the uncertified issues are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**Henderson v Johnson 13-56365**

Callahan, Circuit Judge, concurring:

I concur in the affirmance of the denial of Henderson's petition, as the trial court's instructional error was harmless in light of the overwhelming evidence showing Henderson's involvement in the victims' deaths.

However, I disagree with the majority's determination that CALCRIM No. 376 violates due process under clearly established law. A jury instruction error rises to the level of a constitutional violation if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (citations omitted). The permissive instruction in CALCRIM 376 did not so infect the entire trial and thus did not rise to the level of a constitutional violation. Instead, the trial court's instructional error was only one involving state law.

The California Supreme Court in *People v. Moore*, 51 Cal. 4th 1104, 1130–33 (2011), and *People v. Prieto*, 30 Cal. 4th 226, 249 (2003), examined essentially identical instructions. The court in both cases explained that informing the jury that it may infer the defendant's guilt of murder based on possession of recently stolen property with other slight corroboration of guilt was error, but not an error of constitutional magnitude. The court reasoned that due process was not

1

violated in light of the trial courts' instructions that the prosecution was required to prove the elements of the offense beyond a reasonable doubt, and "other instructions properly instructed the jury on its duty to weigh the evidence, what evidence it may consider, how to weigh that evidence, and the burden of proof" such that "there is no possibility that [the jury instruction] reduced the prosecution's burden of proof in this case." *Prieto*, 30 Cal. 4th at 248 (citation and internal quotation marks omitted); *see also Moore*, 51 Cal. 4th at 1133. Similarly, here, the jury was instructed on all the elements of the offense and that all elements of the offense must be proven beyond a reasonable doubt. The jury also received other instructions on the burden of proof and how and what evidence to consider. These other instructions "explain[ed] the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption." *See Francis v. Franklin*, 471 U.S. 307, 315 (1985) (citation omitted).

Moreover, as discussed by the Supreme Court in *Yates v. Evatt*, 500 U.S. 391 (1991), a permissive inference "is constitutional so long as the inference would not be irrational." *Id.* at 402 n.7 (citing *Francis*, 471 U.S. at 314–15). The California Supreme Court determined in *Prieto* and *Moore* that this permissive jury instruction was erroneous under state law because it permitted the jury to draw an

2

inference that did not flow "naturally" or "logically" from the evidence, but the instruction did not violate due process because the inference was rational. Whether an inference is rational is a lower bar than "flowing naturally and logically," contrary to the majority's conclusion. And the inference is clearly rational – proof that a defendant was found with the decedents' property soon after they were murdered, along with other corroborating evidence, is sufficient for a juror to conclude that a defendant was involved in the murder. Thus the inference here is "one that reason and common sense justify in light of the proven facts before the jury" under *Francis*, 471 U.S. at 314. There was no constitutional violation.