MEMORANDUM **
Jennifer Lynn Henderson appeals the district court’s denial of her 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court’s analysis de novo, we affirm. *200 Merolillo v. Yates, 663 F.3d 444, 453 (9th Cir.2011).
At Henderson’s trial, the trial court instructed the jury pursuant to jury instruction CALCRIM No. 376, which states that the jury could convict Henderson of murder if it found that she possessed the victim’s property along with some slight corroborating evidence. In People v. Prie-to, the California Supreme Court held that a nearly identical jury instruction in the context of a nontheft offense permitted the jury to draw inferences that did not flow “naturally” or “logically” from the evidence presented. 30 Cal.4th 226, 249, 133 Cal.Rptr.2d 18, 66 P.3d 1123 (2003), Under clearly established Supreme Court law, such an inference violates due process. See Francis v. Franklin, 471 U.S. 307, 314-15, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (“A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.”); see also Schwendeman v. Wallenstein, 971 F.2d 313, 316 (9th Cir.1992) (“[A] permissive inference jury instruction is constitutional so long as it can be said with substantial assurance that the inferred fact is more likely than not to flow from the proved fact on which it is made to depend.” (internal quotations marks omitted)).
In Henderson’s case, the California Court of Appeal, relying on Prieto, recognized that the trial court erred in instructing'the jury with CALCRIM No. 376 but then applied a nonconstitutional standard to evaluate whether the error was harmless. In other words, the Court of Appeal failed to recognize the instructional error was of constitutional magnitude; this error amounts to an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); Francis, 471 U.S. at 314-15, 105 S.Ct. 1965.
In light of the overwhelming evidence against Henderson and the insignificant role the stolen property evidence played at trial, however, we cannot say that the instructional error had a “substantial and injurious effect or influence” on the jury’s verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The evidence against Henderson included: (1) testimony that Henderson brought her daughter to meet the Hawkses to put them at ease; (2) phone records showing that Henderson was in frequent contact with her husband while the power of attorney form was edited on their computer and on the day of the murder; (3) Henderson’s statements to relatives and a real estate agent before the murder that she was expecting to receive a large amount of money and a yacht; (4) Henderson’s involvement in post-crime actions of attempting to access the Hawkses’ bank account, orchestrating a sham sale of the yacht, and calling Thomas Hawks’s brother; and (5) evidence that Henderson was aware that her husband previously killed a man.
Therefore, we affirm the district court’s denial of Henderson’s 28 U.S.C. § 2254 petition.
AFFIRMED.[1]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decline to expand the certificate of ap-pealability as none of the uncertified issues are "adequate to deserve encouragement to proceed further.” Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).