**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leonard Sabra BLATT a/k/a Patrick Terrence McDonald, Defendant— Appellant.**

No. 01–30035.
D.C. No. CR–00–00267–L.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2002.

Decided Jan. 24, 2002.

---

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Defendant Leonard Blatt was convicted of five offenses related to his production, possession, and sale of false identification documents in violation of 18 U.S.C. § 1028(a) and 42 U.S.C. § 408(a)(7)(B).

A. *Necessity–Defense Instruction*

Defendant's necessity-defense argument appears to rely on two alternative rationales. First, Defendant asserts that his crimes constituted a direct challenge to licensing and identification laws that he perceived to be "evil." Second, Defendant argues that he engaged in criminal activity only as a means of furthering his goal of regaining custody of his son. Neither of these rationales is sufficient to establish a necessity defense.

We review de novo the district court's refusal to give a jury instruction on the necessity defense. *United States v. Arellano–Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). Defendant may invoke this defense only if he can colorably show: " '(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law.' " *Id.* at 1126 (quoting *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir.1989)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

As to the first theory, even if we were to construe Defendant's criminal activity as "direct civil disobedience," Defendant's reliance on the necessity defense would be misplaced. It is clear that the social costs of Defendant's criminal scheme outweigh the supposed social benefits arising from it and, accordingly, Defendant cannot establish that he chose the lesser of two evils when he decided to break the law. *See United States v. Schoon,* 971 F.2d 193, 196–97 (9th Cir.1992); *United States v. Richardson,* 588 F.2d 1235, 1239 (9th Cir.1978). Similarly, Defendant cannot establish that the purported harm he sought to prevent was imminent. *Schoon,* 971 F.2d at 197.

Defendant's assertion that his criminal activities were a means of regaining custody of his son also fails to establish at least two elements of the necessity defense. First, it is unclear how Defendant's production, sale, or possession of false documents aided him in his custody battle. Therefore, Defendant did not prove a sufficient nexus between his illegal conduct and the harm to be avoided. *Id.* at 198. Second, Defendant did not demonstrate that there were no legal alternatives to his criminal behavior. *Id.* at 198–99.

## B. Commerce Instruction

We review de novo whether a jury instruction violates due process by creating an unconstitutional presumption or inference. *Tapia v. Roe,* 189 F.3d 1052, 1056 (9th Cir.1999) (citing *Hanna v. Riveland,* 87 F.3d 1034, 1036–37 (9th Cir.1996)). We find no error.

The district court correctly perceived the need for a jury instruction clarifying the meaning of the phrase "in or affects commerce." The legal significance of this element of the crime may not be readily apparent to lay jurors and, thus, it was proper for the court to define its

meaning. *United States v. Ripinsky,* 109 F.3d 1436, 1444–45 (9th Cir.1997), *overruled in part on other grounds by United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc).

The district court's instruction on the meaning of "in or affects commerce" did not require the jury to find that any element of the crime had been proved. Instead, the instruction went no further than to define what constituted "commerce," leaving it to the jury to decide whether the government had in fact proved the facts necessary to establish this element beyond a reasonable doubt.

## C. Leadership Enhancement

Defendant asserts that the district court erred in finding that he was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). We review factual findings supporting the application of a leadership enhancement for clear error. *United States v. Lopez–Sandoval,* 146 F.3d 712, 716 (9th Cir.1998). In light of that deferential standard, we affirm the application of this enhancement.

First, although the district court did not identify five or more specific participants in Defendant's criminal scheme, it found that his operation was "otherwise extensive." This finding is not clearly erroneous, because the evidence proved that Defendant engaged in the production and sale of false documents for nearly 15 years, amassing "hundreds to thousands" of customers.

Second, the district court did not clearly err when it found that Defendant acted as a leader or organizer of at least one other participant. *See* U.S.S.G. § 3B1.1, cmt. n. 2. Although Defendant attempts to characterize *all* other participants in his scheme

as "customers," *see United States v. Egge,* 223 F.3d 1128, 1133 (9th Cir.2000), he concedes that two of his housemates helped him to produce false documents. In addition, the evidence shows that Defendant encouraged his "customers" to recruit new clients for him.

### D.  *Fraud–Loss Enhancement*

We review de novo the district court's interpretation of the sentencing guidelines and review for abuse of discretion the court's application of the guidelines to the facts of a particular case. *United States v. Ellis,* 241 F.3d 1096, 1099 (9th Cir.2001). Because the district court failed to make factual findings with the requisite level of specificity, we reverse and remand.

The sentencing guidelines hold defendants responsible for all "reasonably foreseeable acts ... of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(A)(1)(b). The district court properly supported its finding that the fraud loss occasioned by two of Defendant's customers was "reasonably foreseeable." However, the court failed to make findings as to the scope of the "jointly undertaken criminal activity."[1] Under our precedents, this failure constitutes reversible error. *United States v. Palafox–Mazon,* 198 F.3d 1182, 1186 (9th Cir.2000); *see also* U.S.S.G. § 1B1.3, cmt. n. 2.

Conviction AFFIRMED; REVERSED and REMANDED for resentencing.

---

1. The court made ambiguous statements, some of which suggested that financial fraud was outside the scope of the agreement between Defendant and those who committed the fraud, and some of which suggested otherwise.