**Max DENIZE, Petitioner—Appellant,**

v.

**Don TAYLOR, Warden, Respondent—Appellee.**

No. 04–16006.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Sept. 20, 2006.

Max Denize, Blythe, CA, pro se.

Ronald S. Matthias, San Francisco, CA, for Respondent–Appellee.

Before: HAWKINS and BERZON, Circuit Judges, and SILVER,** District Judge.

MEMORANDUM ***

Max Denize ("Denize") appeals from the denial of his habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Although the state concedes that the jury instructions for assault were erroneous under the California Supreme Court's decision in *People v. Williams,* 26 Cal.4th 779, 111 Cal.Rptr.2d 114, 29 P.3d 197 (2001), even jury instructions which omit

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

an element of an offense are subject to harmless error review. *Neder v. United States,* 527 U.S. 1, 8–11, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The California state court's conclusion that the error in this case was harmless was not an objectively unreasonable application of Supreme Court precedent.

Under the instructions as given, the jury found that Denize willfully committed an act (backing up a car) which by its nature would probably and directly result in the application of physical force to the victim. Although this instruction omitted the requirement that Denize *was aware of the fact* that the victim was in the path of the car, four witnesses testified that the victim was inside the car's door and attempting to pull Denize from the car at the time he backed out. The testimony of Denize's girlfriend, who could not remember whether the door was open when Denize backed up, and whose testimony the jury had already rejected with respect to Denize's theft charges, does not create an "evenly balanced" record or leave any "grave doubts" as to what the outcome would have been if the jury had been properly instructed. *See Hanna v. Riveland,* 87 F.3d 1034, 1039 (9th Cir.1996).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.